UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

EWA E. SZYMANSKI,

        Defendant.

Case No. 20-cv-1481-pp

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 9) AND DISMISSING CASE WITH PREJUDICE**

---

On September 22, 2020, the plaintiff filed a complaint against the defendant, seeking to reduce her federal income tax liabilities to a civil judgment. Dkt. No. 1. On October 7, 2021, the plaintiff filed a motion for summary judgment. Dkt. No. 9. This order grants that motion and dismisses the case with prejudice.

**I.    Procedural History**

The defendant answered the complaint on November 23, 2020. Dkt. No. 5. In her answer, she explained the circumstances regarding her tax deficiencies. Id. at 1. She explained the efforts that she had made over the years to resolve her tax debts and told the court that she continued to work toward a resolution. Id. She explained that she had had no choice about whether to pay the taxes, telling the court that she simply did not have the money. Id. She explained that she needed to keep her house because it was her

only shelter; while she conceded that the Internal Revenue Service owned the home and that she owed the back taxes, she could not face losing the house given her age, her health circumstances and the status of the COVID-19 pandemic. Id. at 1-1. She concluded by asking the court to dismiss the lawsuit and to help her to stay in her house, "if only for just a few more years." Id. at 2. On December 30, 2020, the parties filed a joint Rule 26(f) Plan. Dkt. No. 7. The court entered a scheduling order the following week. Dkt. No. 8.

On October 7, 2021, the plaintiff filed a motion for summary judgment, dkt. no. 9, and a supporting brief, dkt. no. 10. On November 15, 2021, the court held a status hearing. Dkt. Nos. 11, 12. At the hearing, the defendant confirmed that she had received the motion for summary judgment and was aware that the rules allowed her to file a response. Dkt. No. 11. The court clarified that it could give the plaintiff more time to respond if she needed it, or that it could decide the motion based only the plaintiff's arguments if the defendant decided not to respond. Id. The defendant told the court that she had no further questions about the summary judgment process, and that because she would not be responding to the summary judgment motion, she needed no further time to do so. Id.

**II.  Facts**

Because the defendant has declined to respond to the plaintiff's motion for summary judgment, the court deems the plaintiff's proposed findings of fact as admitted. See Fed. R. Civ. P. 56(c); Civil L.R. 56(b)(4). The court takes the facts in this section from the plaintiff's brief in support of the motion for

2

summary judgment, dkt. no. 10, to the extent that they find support in the record.

For the tax year of 2013, the defendant filed a federal income tax return reflecting a tax liability of $162,602. Dkt. No. 10 at 2. A delegate of the Secretary of the Treasury assessed that liability on November 17, 2014 and, because the defendant did not pay the liability for 2013, assessed interest and penalties against the defendant. Id. at 2-3. "As of October 1, 2021, [the defendant] owe[d] $182,154.94 for her 2013 federal income tax liabilities, including assessed and accrued interest." Id. at 4. "As a matter of law, statutory additions have accrued and will continue to accrue until [the defendant] pays her 2013 liabilities in full." Id. (citing 26 U.S.C. §6601).

Regarding the 2014 tax year, the defendant filed a federal income tax return reporting a tax liability of $83,919. Id. at 5. A delegate of the Secretary of the Treasury assessed the liability on November 9, 2015 and subsequently assessed interest and penalties against the defendant because she did not pay her reported tax liability for 2014. Id. "As of October 1, 2021, [the defendant] owe[d] $112,064.42 for her 2014 federal income tax liabilities, including assessed and accrued interest and penalties." Id. "As a matter of law, statutory additions have accrued and will continue to accrue until [the defendant] pays her 2014 liabilities in full." Id. (citing 26 U.S.C. §6601).

In her federal income tax return for the tax year 2015, the defendant reported a federal income tax liability of $20,350, and a delegate of the Secretary of the Treasury assessed that liability on July 25, 2016, along with

3

interest and penalties against the defendant because she did not pay her reported tax liability for 2015. "As of October 1, 2021, [the defendant] owe[d] $34,371.238 [sic] for her 2015 federal income tax liabilities, including assessed and accrued interest and penalties." Id. "As a matter of law, statutory additions have accrued will continue to accrue until Szymanski pays her 2015 liabilities in full." Id. (citing 26 U.S.C. §6601).

### III. Analysis

#### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts" are those that, under the applicable substantive law, "might affect the outcome of the suit." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. A moving party "is 'entitled to a judgment as a matter of law'" when "the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,'

4

which it believes demonstrate the absence of a genuine issue of material fact." Id.

To determine whether a genuine issue of material fact exists, the court must review the record, construing all facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. See Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003) (citing Liberty Lobby, 477 U.S. at 255). "However, [the court's] favor toward the nonmoving party does not extend to drawing inferences that are supported by only speculation or conjecture." Fitzgerald v. Santoro, 707 F.3d 725, 730 (7th Cir. 2013) (quoting Harper v. C.R. England, Inc., 687 F.3d 297, 306 (7th Cir. 2012)). That is, "to survive summary judgment, the non-moving party must establish some genuine issue for trial 'such that a reasonable jury could return a verdict' in her favor." Fitzgerald, 707 F.3d at 730 (quoting Makowski v. SmithAmundsen LLC, 662 F.3d 818, 822 (7th Cir. 2011)).

B. Discussion

Under 26 U.S.C. §7402(a),

> [t]he district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of ne exeat republica, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws.

The defendant has not paid the federal income tax liabilities she reported in years 2013, 2014 and 2015, and she has not paid the related penalties that the IRS assessed. Dkt. No. 10 at 2. The court will grant the plaintiff's motion for summary judgment. It will order judgment against the defendant in the

5

amount of $328,590.59, plus statutory additions that have accrued since October 1, 2021, and will continue to accrue by law.

## IV. Conclusion

The court **GRANTS** the plaintiff's motion for summary judgment. Dkt. No. 9. The clerk will enter judgment in favor of the plaintiff and against the defendant in the amount of $328,590.59 plus statutory additions that have accrued since October 1, 2021.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 29th day of December, 2021.

BY THE COURT:

_____
HON. PAMELA PEPPER
Chief United States District Judge